**Nick PLATIS, Plaintiff-Appellant,**

**v.**

**AMERICAN CASUALTY COMPANY and Continental National American Group, Defendant-Appellees.**

**No. 71-1648.**

United States Court of Appeals, Tenth Circuit.

Aug. 28, 1972.

Lauren N. Beasley, Salt Lake City, Utah (Paul N. Cotro-Manes, Salt Lake City, Utah, on the brief), for plaintiff-appellant.

W. Robert Wright, Salt Lake City, Utah (Edward J. McDonough, and Jones, Waldo, Holbrook & McDonough, Salt Lake City, Utah, of counsel, on the brief), for defendant-appellees.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Nick Platis sustained severe personal injuries in an automobile accident occurring on June 25, 1965. He thereafter brought an action against the United States under the Federal Tort Claims Act and on August 7, 1968, was awarded judgment in the sum of $175,000. Platis v. United States, 288 F.Supp. 254 (D.Utah 1963), aff'd, 409 F.2d 1009 (10th Cir. 1969).

On April 10, 1970, Platis commenced the present action against the American Casualty Company under a policy of group disability insurance issued his employer by the insurance company, Platis seeking to recover under the terms of the policy for permanent, total disability resulting from the accident occurring on July 25, 1965. One of the defenses raised in the answer was that the action had not been commenced within three years from the date of the accident as required by the policy. Thereafter, discovery process was utilized by the parties with the fruits thereof, i. e., produced documents, answers to interrogatories, and admissions being a part of the record now before us. Thereupon, American Casualty filed a motion to dismiss or in the alternative for summary judgment on the ground that there was no genuine issue as to any material fact inasmuch as the action was barred by the contractual and statutory limitation,

i. e., three years, within which the action should have been brought and was not. The trial court granted the motion and dismissed the action. Platis now appeals. We affirm.

The terms and conditions of the policy of insurance germane to the present controversy read as follows:

"PROOFS OF LOSS: Written proof of loss must be furnished to the Company at its said office within 90 days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time provided such proof is furnished as soon as reasonably possible."

"LEGAL ACTIONS: No action at law or in equity shall be brought to recover on the Policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of the Policy. No such action shall be brought after the expiration of 3 years after the time written proof of loss is required to be furnished."

It is to be noted that Utah statutory law requires the inclusion in all policies of accident and sickness insurance issued in Utah of a 90-day proof of loss provision, as well as a provision that "no such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished." Utah Code Ann. (1953), 31–33–10 and 31–33–14. And the contractual provisions quoted above are for all practical purposes identical in language to the statutory language.

American Casualty initially suggests that under applicable Utah law the "date of loss" is the date of the accident. On this basis, an action brought after September 25, 1968, would be barred by the contractual and statutory time limitation for bringing such an action. In other words, a proof of loss would have to be filed within 90 days after the accident, i. e., before September 25, 1965, and thereafter an action would have had to

have been instituted within three years thereafter or be barred.

However, for the purposes of this proceeding, American Casualty is not insisting that the date of loss be determined to be the date of the accident, but rather fixes the date of loss, as well as all other applicable time periods, at the maximum amount of time allowed by the terms of the policy, as well as the statute, thereby giving the benefit of all doubt to Platis and thus construing the policy most favorably to him. And even under such computation, according to American Casualty, the present action was brought more than three years "after the time written proof of loss is required to be furnished." Let us see.

The specific loss covered by the insurance policy here involved is permanent, total disability occurring within 180 days of an accident and then continuing for one year. Under the terms of the policy, and the applicable statutes, then, the most favorable possible computation of the time for bringing the action is as follows:

(1) The accident occurred on June 25, 1965;

(2) Permanent and total disability, under the terms and conditions of the policy, must commence within 180 days of the accident, so the latest possible day that the disability could commence and still be covered by the policy would have been December 22, 1965;

(3) A total disability under the policy terms must continue for one year, so the last possible day to count as the date of the loss, interpreting that term most favorable to the appellant, would have been December 22, 1966;

(4) A proof of loss would have to be furnished within 90 days thereafter, i. e., on or before March 22, 1967; and

(5) The action would then have to be brought by March 22, 1970, a date prior to the filing of the complaint in the present proceeding, which did not occur till April 10, 1970.

■ Platis attempts to escape the force of the foregoing by contending that the three-year period did not commence to run on March 22, 1967, but on the contrary did not begin to run until April 21, 1967, when he received a proof of loss form from American Casualty, and that his action, having been brought on April 10, 1970, was therefore brought in time. This argument is based on the fact that sometime in March 1967, Platis' attorney apparently wrote American Casualty asking for a proof of loss form. In any event, as indicated, on April 21, 1967, American Casualty sent a proof of loss form to Platis' attorney, advising the latter that in furnishing the form the company did not thereby admit any liability for the claimed benefit and reserved all of its rights under the policy and waived none of the policy's provisions. A proof of loss form was in fact later submitted by Platis to American Casualty, and the claim was denied by the company on August 15, 1967. On this particular sequence of events, Platis argues that estoppel or waiver are somehow injected into the case to the end that there remains a genuine issue as to a material fact. We do not agree.

■ In the first place, the policy and the statute both provide that no action to recover on the policy shall be brought after the expiration of three years after the time written proof of loss is *required*. With certain exceptions not here pertinent, proof of loss under the policy and the statute must be furnished within 90 days after the date of loss. So, as we read the policy and the statute, proof of loss was "required" to be furnished on or before March 22, 1967. And such would in nowise be changed by the fact that Platis was later furnished with a proof of loss form on April 21, 1967, along with a disclaimer of any liability. We simply fail to see any significance in the fact that Platis received a proof of loss form from the company

on or about April 21, 1967. There is nothing in the record to indicate that Platis was somehow lulled into a false sense of security by the American Casualty. To the contrary, the belated proof of loss was turned down by the company on August 15, 1967, affording Platis over two and one-half years to institute his action before the same would be barred.

In support of the foregoing, *see* Anderson v. Beneficial Fire & Casualty Company, 21 Utah 2d 173, 442 P.2d 933 (1968). There, the Utah Supreme Court upheld a summary judgment dismissing a suit brought for recovery on a policy which required that proof of loss be furnished within 60 days from the date of loss and that no suit should be sustainable unless commenced "within 12 months next after inception of the loss." In that case, a proof of loss was furnished about six months after certain equipment disappeared resulting in a loss to the insured. And thereafter the proof of loss was not rejected until only three weeks prior to the 12-month deadline. Nevertheless, the Utah Supreme Court gave force and effect to the policy provision that no suit on the policy could be sustainable unless commenced within 12 months next after the inception of the loss, with the comment that such language was "crystal clear." Additionally, that court also held that the rejection of the proof of loss claim only three weeks prior to the 12-month deadline put the insured on notice "with ample time for him to invoke the limitations provision anent filing of a suit, of which he took no advantage," and that under such circumstance the insurance company was not estopped from relying on the time limitation contained in the policy. In the instant case, instead of three weeks, Platis had over two and one-half years to bring his action within the time limitation provided in the policy and applicable statute.

Judgment affirmed.